■ John Benedetto et al., Respondents, v City of New

York et al., Defendants, and Maersk Container Service, Appellant. [617 NYS2d 905] —In an action to recover damages for personal injuries, etc., the defendant Maersk Container Service appeals from an order of the Supreme Court, Queens County (Price, J.), dated June 9, 1993, which denied its motion to dismiss the complaint insofar as it is asserted against it, pursuant to CPLR 3211 (a) (5).

Ordered that the order is reversed, on the law, with costs, the motion to dismiss the complaint insofar as it is asserted against Maersk Container Service is granted, and the action against the remaining defendants is severed.

The instant action arose from a motor vehicle accident which occurred in June 1986 during which the plaintiffs' vehicle was struck by a tractor-trailer rig operated by James Barron. The plaintiffs, however, served their summons and complaint only on the defendant Donna Williams, the owner of the tractor portion of the rig. Upon learning that the trailer portion of the rig was separately owned by Maersk Container Service (hereinafter Maersk), the plaintiffs amended the summons and complaint to add Maersk as a defendant in February 1993, after the expiration of the Statute of Limitations. Maersk subsequently brought this motion to dismiss pursuant to CPLR 3211 (a) (5). In opposition to the motion, the plaintiffs invoked the "relation back" doctrine set forth in CPLR 203 (b).

The three-prong test enunciated by this court in *Brock v Bua* (83 AD2d 61) and endorsed by the Court of Appeals in *Mondello v New York Blood Ctr.—Greater N. Y. Blood Program* (80 NY2d 219) for determining whether the relation-back doctrine can be applied requires, in pertinent part, that "the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement" *(see, Mondello v New York Blood Ctr.—Greater N. Y. Blood Program, supra,* at 226).

We conclude the above-stated requirement is not met in this case. Because there exists no authority for the proposition that the owner of the trailer portion of a rig is vicariously liable for any alleged negligence on the part of the owner of the tractor portion of a rig, we cannot say that the interest of the two owners " 'in the subject-matter is such that they will stand or fall together and that judgment against one will

similarly affect the other' " *(Mondello v New York Blood Ctr. —Greater N. Y. Blood Program, supra,* at 226). Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.